# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHLEEN McCLURE,<br>　　　　Plaintiff,<br><br>　vs.<br><br>UNITED STATES OF AMERICA,<br>　　　　Defendant. | **NO.**<br><br>**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT** |

Comes now the Plaintiff, Kathleen McClure, and for this complaint, alleges and avers as follows:

## I.　JURISDICTION AND VENUE

1. Plaintiff, Kathleen McClure, was a resident in the Eastern District of Washington during the events in question, and continues to reside in this District;

COMPLAINT FOR DAMAGES
UNDER THE FTCA - 1

2. The claims herein are brought against the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq*.) and 28 U.S.C. §§1346(b)(1), and involve the negligent and wrongful acts and omissions of employees of the U.S. Customs and Border Protection, acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of Washington;

3. All, or a substantial part, of the acts and omissions forming the basis of the claims against the named defendant occurred in the Eastern District of Washington;

4. Ms. McClure has complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act, by filing a claim with the U.S. Customs and Border Protection in October 2008, which was denied by that Agency in May 2010.

## II.   FACTUAL ALLEGATIONS.

5. In October 2003, Ms. McClure began working for CMC/Maintenance ("CMC"), a private contractor, which had a contract to provide cleaning services for the Department of Homeland Security agency, U.S. Customs and Border Protection ("CBP"), at the Oroville,

COMPLAINT FOR DAMAGES
UNDER THE FTCA - 2

THEMIS LITIGATION GROUP
1823 TENTH AVENUE WEST
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

Washington port of entry ("POE").  As an employee of CMC, Ms. McClure worked exclusively at the POE;

6. Ms. McClure's work at the POE brought her into regular contact with Border Patrol Officer Jason Blotsky ("Officer Blotsky");

7. While Ms. McClure worked at the POE, both she and another female CMC employee, Krystal Fredrickson, were sexually harassed by Officer Blotsky;

8. Starting in 2004, Officer Blotsky repeatedly made comments of a sexual nature (such as "you have a nice ass") to Ms. Fredrickson, which she found offensive.  Officer Blotsky also would follow Ms. Fredrickson around the POE while trying to engage her in inappropriate discussions, resulting in Ms. Fredrickson feeling uncomfortable and being distracted from her work;

9. Eventually, Ms. Fredrickson complained to her supervisor, Dawn McClure, about Officer's Blotsky's conduct, saying that it was unwanted, offensive, and made her uncomfortable.  Dawn McClure is also Ms. McClure's mother;

10. Dawn McClure complained about Officer's Blotsky harassment of Ms. Fredrickson to her direct contact at the POE, David Lutz, of the General Services Administration.  Dawn McClure believes that Mr.

COMPLAINT FOR DAMAGES
UNDER THE FTCA - 3

THEMIS LITIGATION GROUP
1823 TENTH AVENUE WEST
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

Lutz discussed Ms. Fredrickson's complaints with Officer Blotsky's superiors at the POE, and for a short time Officer Blotsky stopped harassing Ms. Fredrickson;

11. Dawn McClure also told Ms. Fredrickson to tell Officer Blotsky that she was not to be talking to POE staff except for business reasons. When Officer Blotsky again started attempting to engage Ms. Fredrickson in inappropriate conversation, she told him that she was not supposed to speak with POE staff unless it was work related. Officer Blotsky then told Ms. Fredrickson "well, you've turned into a bitch;"

12. Thereafter, Officer Blotsky started harassing Ms. McClure. Officer Blotsky would make inappropriate comments regarding Ms. McClure's physique ("your butt looks good in those jeans!"), dress ("that's a nice tight shirt, I'm glad I'm at work to see this!"), and personal life ("if you were my wife, I wouldn't make you work. I'd treat you like a queen."). Ms. McClure repeatedly told Officer Blotsky that she found his comments offensive and that she did not want to hear them;

13. Officer Blotsky's conduct and comments towards Ms. McClure, prompted Dawn McClure in December 2005, to lodge another

COMPLAINT FOR DAMAGES
UNDER THE FTCA - 4

THEMIS LITIGATION GROUP
1823 TENTH AVENUE WEST
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

harassment complaint regarding him with David Lutz. Dawn McClure believes that Mr. Lutz relayed her complaint to Ron Arrigoni, Director of the POE;

14. In July 2006, Officer Blotsky walked into the area of the POE where Ms. McClure was working and told her "your body isn't as good to look at as it was before you had [your baby]." Ms. McClure curtly told Officer Blotsky that she did not care what he thought and she then left to work in another area of the POE;

15. In late October or early November 2006, Officer Blotsky followed Ms. McClure into the elevator at the POE. During the ensuing elevator trip, Officer Blotsky told Ms. McClure about the sex that he and his wife had that morning before he came to work. When Ms. McClure told Officer Blotsky that she found his comment disgusting, he questioned her about the adequacy of her sex life. Ms. McClure told Officer Blotsky that her sex life was none of his business and exited the elevator;

16. Shortly thereafter, Dawn McClure again complained to Mr. Lutz about Officer Blotsky harassing Ms. McClure. When Mr. Lutz told her to speak to Officer Blotsky's chain of command at the POE, Dawn McClure discussed the matter with Officer Blotsky's supervisor, Mike

COMPLAINT FOR DAMAGES
UNDER THE FTCA - 5

THEMIS LITIGATION GROUP
1823 TENTH AVENUE WEST
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

Hicks. Supervisor Hicks told Dawn McClure that he would speak to Officer Blotsky about his conduct;

17. Less than two weeks later, Ms. McClure was working in the same area at the POE as Officer Blotsky and several other CBP officers. When Ms. McClure passed by Officer Blotsky, he reached out and slapped her across her butt. When Ms. McClure angrily told Officer Blotsky to never touch her again, he simply rolled his eyes at her;

18. One of the other officers working in the area, Ron Potter, observed Officer Blotsky's assault of Ms. McClure and reported it to Supervisor Hicks;

19. Another CBP officer, Joshua Matlin, not only discussed the assault with Supervisor Hicks, but also described the emotional impact Officer's Blotsky's conduct was having on Ms. McClure. Supervisor Hicks told Officer Matlin that the assault would be investigated and the information passed onto POE Chief Tish Lagerwey;

20. Both Officer Potter's and Officer Matlin's reports to Supervisor Hicks made clear that Officer's Blotsky's assault was unsolicited and offensive to Ms. McClure;

21. Ms. McClure was told that Officer Potter and Officer Matlin had made Officer Blotsky's chain of command aware of the recent assault

COMPLAINT FOR DAMAGES
UNDER THE FTCA - 6

THEMIS LITIGATION GROUP
1823 TENTH AVENUE WEST
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

and the impact that Officer's Blotsky's conduct was having upon her. Ms. McClure did not directly complain about Officer Blotsky because he had a reputation for being emotionally unstable and she was afraid that he would retaliate;

22. Despite clear notice of Officer's Blotsky's harassment and assault of Ms. McClure, CBP took no steps to either discipline Officer Blotsky or limit his ability or need to have contact with her while she was at the POE performing her duties;

23. Approximately three weeks later, Ms. McClure was on the telephone by the holding cell area of the POE when Officer Blotsky came up behind her and ran his hand up her side to her breast. Ms. McClure again responded angrily telling Officer Blotsky to stop touching her. Officer Blotsky simply laughed her and said that he didn't have to. Ms. McClure then told Officer Blotsky that if he ever touched her again she would get a restraining order against him. Officer Blotsky again laughed and said the order "would be just another piece of paper to add to my collection;"

24. Again, several CBP officers witnessed Officer Blotsky's assaultive conduct and reported it to POE supervisors and to Chief Lagerwey;

COMPLAINT FOR DAMAGES
UNDER THE FTCA - 7

THEMIS LITIGATION GROUP
1823 TENTH AVENUE WEST
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

25. The following day, Chief Lagerwey and Director Arrigoni met with Ms. McClure to discuss the most recent assault. Ms. McClure made clear to Chief Lagerwey and Director Arrigoni that she found Officer Blotsky's conduct offensive and that she feared he would retaliate against her and her family as a result of the complaints about his conduct towards her;

26. Following this report, Ms. McClure continued to work at the POE, but she was fearful of Officer Blotsky's response to her complaints about his conduct. While Ms. McClure's employer made efforts to keep her from having contact with Officer Blotsky, CBP again took no action to limit his otherwise unrestricted access to POE property. Consequently, Ms. McClure understood that she could be confronted by Officer Blotsky at any time, which caused her severe distress;

27. A few days after Ms. McClure's complaint to CBP, Officer Blotsky was arrested by the Okanogan County Sheriff's Office for assaulting her;

28. In anticipation of Officer Blotsky's release on bail, Chief Lagerwey and Director Arrigoni met with Ms. McClure to discuss their concerns for her safety. During this meeting, it was made clear to Ms. McClure that POE chain of command did not believe they could ensure her

COMPLAINT FOR DAMAGES
UNDER THE FTCA - 8

THEMIS LITIGATION GROUP
1823 TENTH AVENUE WEST
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

safety at the POE once Officer Blotsky was released from jail. Upon hearing this, Ms. McClure decided to take a two-week leave of absence;

29. When Ms. McClure returned to work, CBP still had not taken any measures to ensure that Officer Blotsky could not have contact with her while she performed her duties at the POE. As such, Ms. McClure again found herself working in constant fear that Officer Blotsky would confront her in a hostile manner;

30. The stress of working in such a hostile environment caused Ms. McClure to seek medical treatment. Ms. McClure's physician found her to be suffering severe emotional and physical stress and removed her from work for two months;

31. Ms. McClure never returned to her position at the POE;

32. In December 2009, Ms. McClure was diagnosed with Post Traumatic Stress Syndrome as a result of the events that occurred when CBP negligently supervised and negligently retained Officer Blotsky.

### III.   CLAIMS

FIRST CLAIM – FAILURE TO SUPERVISE:

33. Ms. McClure incorporates by reference herein all allegations set forth above;

COMPLAINT FOR DAMAGES
UNDER THE FTCA - 9

THEMIS LITIGATION GROUP
1823 TENTH AVENUE WEST
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

34. The above facts establish that the CBP negligently supervised Officer Blotsky;

35. As a direct and proximate cause of the CBP's negligence, Ms. McClure suffered, and continues to suffer, emotional and physical distress, economic, and other damages in amounts to be proven at trial;

SECOND CLAIM – NEGLIGENT RETENTION:

36. Ms. McClure incorporates by reference herein all allegations set forth above;

37. The above facts establish that the CBP negligently retained Officer Blotsky;

38. As a direct and proximate cause of the CBP's negligence, Ms. McClure suffered, and continues to suffer, emotional and physical distress, economic, and other damages in amounts to be proven at trial.

## IV.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiff is entitled to damages from the defendant, and does hereby pray that judgment be entered in her favor as follows:

39. Monetary damages for plaintiff's lost wages, medical expenses, emotional distress, physical injury, and other damages to be proven at trial.

40. Cost of litigation, including reasonable attorney fees and expert witness fess; and

COMPLAINT FOR DAMAGES
UNDER THE FTCA - 10

THEMIS LITIGATION GROUP
1823 TENTH AVENUE WEST
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600

41. Such other relief as the court deems just and proper.

DATED this 16th day of August 2010.

            THEMIS LITIGATION GROUP

            /s/ Margaret M. Boyle
            MARGARET M. BOYLE,
            WSBA#17089
            Attorneys for Plaintiff

COMPLAINT FOR DAMAGES
UNDER THE FTCA - 11

THEMIS LITIGATION GROUP
1823 TENTH AVENUE WEST
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.217.9400
FACSIMILE: 206.217.9600